## STATE vs. JOHN P. SMITH.

### MAY 21, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Nuisances.   Town Councils.   Statute of Construction.*

Sections 1 and 2, cap. 107, Gen. Laws, 1909, providing that town councils may order the removal of nuisances are applicable to cities, under the provisions of the statute of construction, cap. 32, § 8.

*(2)   Nuisances.   Criminal Complaint.*

Gen. Laws, 1909, cap. 107, § 1, providing that any person who neglects to abate a nuisance "shall be *fined* not exceeding twenty dollars for every day during which he knowingly permits such nuisance" to continue, contemplates a criminal complaint, for a misdemeanor and not a civil procedure through an action of debt.

*(3)   Criminal Complaint.   Nuisances.*

Upon a criminal complaint brought for the maintenance of a nuisance on the premises of defendant, under Gen Laws, 1909, cap. 107, for the space of twenty-one days from and after the expiration of twenty-four hours after the service of a notice to abate it, motions of defendant to require the state to elect one particular day on which the offence charged was committed and to confine its evidence to that day, were properly denied, since the statute contemplates punishment for each day that the notice to abate was disregarded.

*(4)   Nuisances.*

Upon a complaint charging the maintenance of a nuisance for twenty-one days after the expiration of twenty-four hours after the service of a notice to abate it, where the notice to abate was served October 23, and the evidence showed that the nuisance existed in September and continued and was as bad as ever November 16, the warrant being issued November 15, in view of such evidence and the nature of the offence charged, the fact that there were certain intervening days on which no one testified that he saw the nuisance, is immaterial.

*(5)   Nuisance.   Service of Notice.*

Where Gen. Laws, cap 107, § 2, provides that the notice of the Board of Aldermen to abate may be served "by leaving a copy of the order personally with" the owner, if such personal service is made it is immaterial where it was served

*(6)   Nuisance.*

Under the provisions of Gen. Laws, 1909, cap. 107, § 1, authorizing the board of aldermen to "order the owner or occupant to remove any nuisance"

it is discretionary with the proper authorities to order either the owner or occupant to abate the nuisance.

(7) *Frivolous Exceptions.*

While it is the duty of counsel to protect the interests of clients properly it is equally their duty to refrain from raising frivolous exceptions.

CRIMINAL COMPLAINT. Heard on exceptions of defend-ant and overruled.

PARKHURST, J. This is a complaint and warrant issued out of the district court of the sixth judicial district, dated November 15, 1911, against John P. Smith, under Sections 1 and 2 of Chapter 107, (Gen. Laws, R. I., 1909), for the maintenance of a privy vault nuisance for the space of twenty-one days from and after the expiration of twenty-four hours after the service of a notice from the Board of Aldermen to abate the nuisance at the premises, No. 136 Prudence avenue, in the city of Providence, of which premises the said John P. Smith was the owner.

(1) The provisions of Sections 1 and 2 of Chapter 107 are applicable to cities. Gen. Laws, 1909, Chap. 32, § 8.

It appeared at the trial before a jury in the Superior Court, held on January 19, 1912, that the privy vault on the premises in question was in a filthy condition and that it had been in such condition since September 20, 1911; that various cases of typhoid fever had developed in the house on the premises in question; that a first and second notice to clean the vault were mailed to Mr. Smith on September 20, 1911, and October 10, 1911, respectively, from the office of Dr. Charles V. Chapin, Superintendent of Health for the city of Providence; that when the nuisance was not abated the matter was brought to the attention of the Board of Aldermen; that said Board issued an order, dated October 19, 1911, and directed to John P. Smith for the abatement of the nuisance in question, which order, was served on the defendant by "leaving a copy thereof personally with said John P. Smith at the last and usual place of business of said John P. Smith, on the 23rd day of

October, A. D. 1911, at 11:05 A. M." It appeared further that although Smith was informed that he was served with an order from the Board of Aldermen he did not even take the trouble to read it, either that day or at any subsequent time.

It further appeared that the nuisance continued unabated until after the 15th day of November, 1911, more than twenty-one days after the expiration of twenty-four hours from service of the said order of the Board of Aldermen; and that the warrant in this case, dated November 15, 1911, was served on the defendant November 20, 1911. Defendant appealed to the Superior Court. At the trial in the Superior Court the jury returned a verdict of guilty.

Defendant is now before this court upon his bill of exceptions.

The defendant's first exception being to the denial of his motion for a new trial by the justice who heard the case on the ground that the verdict was against the evidence and the weight thereof, must be overruled, because the testimony shows beyond any doubt that the defendant not only knowingly maintained a source of filth on his premises, for more than twenty-one days as charged, but when notified by the proper health authorities and by an order of the Board of Aldermen, acted with an absolute disregard of the rights of the public.

The defendant's contention raised by the second exception, that an action of debt was the proper procedure rather than by complaint and warrant is untenable.

(2) Section 1 of Chapter 107 of the Gen Laws of 1909, provides that any person who neglects to abate a nuisance "shall be *fined*, not exceeding twenty dollars for every day during which he knowingly permits such nuisance," &c., to continue.

The words of the statute contemplate the imposition of a pecuniary punishment by a lawful tribunal as a punishment for a misdemeanor. The question raised by the defendant by his second exception was raised by defendant

in *State* v. *Providence Gas Company*, 27 R. I. 143, under a similar statute, relating to pollution of the Providence river (Gen. Laws, R. I. 1896, Chap. 118, § 6), where it was held that such fines for nuisance should properly be recovered by indictment. We think the reasoning in the case cited is fully applicable to the case at bar. The second exception is overruled.

The questions raised by the defendant's third and fourth exceptions may be considered together. Defendant moved that the State "be ordered to elect one particular day on which the offence charged was committed and that it be ordered to confine the State's evidence to that date," (denied; Exception 3); and further moved that "the State be ordered to confine its evidence to an offence on one day only," (denied; Exception 4).

(3)    The complaint is brought for the maintenance of a nuisance, source of filth, etc., on the premises of the defendant. Continuity and the effect thereof is the very gist of the offence of maintaining any sort of nuisance. By its very terms the statute under which this prosecution is brought contemplates punishment for each day that the person maintaining the nuisance shall disregard the order of the Board of Aldermen and the rights of the public. The longer he allows the objectionable condition to continue, the greater punishment the law imposes upon him for willful neglect. In this case, to force the State either to elect one particular day on which the offence was committed, according to defendant's exception number 3, or to limit the State to confine its evidence to an offence on one day only, which is practically the same request in different words, according to defendant's exception number 4, would be, practically, to nullify the plain words and intent of the particular statute in question and to disregard the fundamental principles underlying the law of nuisance. None of the cases cited by defendant's counsel have any bearing upon this question, but relate to a different class of offences under entirely different statutes. These exceptions are overruled.

(4)     Exception 5 is to denial of defendant's motion to dismiss the complaint on the ground that the evidence did not show that the defendant was guilty for the full number of twenty-one days as alleged in the complaint.   The allegation in the complaint that the defendant had allowed the obnoxious conditions to exist for the space of twenty-one days was conclusively proven.   The order of the Board of Aldermen was served on the defendant October 23, 1911.   The warrant was dated November 15, 1911.   The nuisance was shown to have existed in September, and that it continued and was as bad as ever on November 16, 1911, and was not abated until November 21 or 22, 1911.   Leaving out October 24th, which covers the twenty-four hours allowed the defendant by statute to abate the nuisance after the service of the order of the Board of Aldermen, we have seven days in October and fourteen days in November, or twenty-one days in all during which the defendant knowingly allowed the nuisance to continue.   The defendant seems to contend that because there were several intervening days on which no one testified that he saw the nuisance, there is no proof of its continuity.   Such a contention is frivolous in view of the nature of the offence charged and of the testimony.   The exception is overruled.

Exception 6 was disallowed by Superior Court.

The defendant's seventh exception is without merit. Sec. 2 of Chap. 107, provides that the notice from the Board of Aldermen shall be served, amongst other ways, "by leaving a copy of the order personally with" the owner. (5) In this case the order in question was served "by leaving a copy thereof personally with said John P. Smith at the last and usual place of business of said John P. Smith." It is immaterial in what place the service was made provided the notice was served personally on the defendant.   The exception is frivolous and trifling.   Exception overruled.

The defendant's request to charge that, "if the jury finds that the defendant was the owner, but not the occupant, of the premises in question, then the verdict should

be for the defendant," the denial of which forms the basis of the eighth exception, was properly refused.

Sec. 1 of Chap. 107 says that the town council of any town "may order the owner or occupant to remove . . . any nuisance," etc. It is discretionary with the proper (6) authorities to order either the owner or the occupant to abate the nuisance in question. It is not necessary that the owner should also be the occupant of the premises. The defendant's contention cannot be held as seriously made when considered in the light of the plain and unquivocal language of the statute. The exception is frivolous and trifling and is overruled.

Defendant's exception 9 is to the refusal to charge the jury as requested, that "if the jury finds that the defendant was guilty of the neglect charged, but for a less number of days than the twenty-one charged, then the verdict should be for the defendant." The exception is without merit. The evidence was clear and covered the whole twenty-one days; there was no evidence to the contrary. It would have been gross error to have charged as requested. The exception is frivolous and trifling and is overruled.

With regard to exceptions 5, 7, 8 and 9, we think counsel (7) should refrain from wasting the time of the court with the discussion and consideration of such clearly trifling and frivolous matters. It is the duty of counsel to protect the interests of clients in all proper and lawful ways; but it is manifestly also their duty to refrain from raising and arguing questions which are an imposition upon the court and which only tend to loss of valuable time.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the imposition of sentence in accordance with the verdict of the jury.

*Antonio A. Capotosto, 3d Assistant Attorney-General*, for State.

*Arthur Cushing, William F. Carroll, James F. McCartin*, for defendant.